**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEAN ANTHONY DURANTE,

    Defendant - Appellant.

No. 03-2173
(D.C. No. CR-03-478)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Dean Anthony Durante pleaded guilty to one count of

federal grand fraud and embezzlement, 18 U.S.C. § 666. He was sentenced to a

term of imprisonment of 57 months, three years supervised release, and to make

restitution of $218,287.16. In determining Mr. Durante's offense level, the

district court, after both the government and defense counsel conceded the point,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

(Tr. at 44) made a finding that the victim of Mr. Durante's embezzlement, the New Mexico Tribal Health Authority ("NMTHA"), qualified as a financial institution for purposes of a six-level enhancement[1] for substantially jeopardizing the safety and soundness of a financial institution under U.S.S.G. § 2B1.1(b)(12)(B). III R. at 54. Although Mr. Durante objected to the enhancement, he did so only on the grounds that the safety and soundness of the victim was not substantially jeopardized. I R. 2 at 1; see also U.S.S.G. § 2B1.1 cmt. n.11. Both Mr. Durante and the government now agree that the guideline does not apply and that the district court committed plain error in relying upon the parties' representation that the guideline applied. We agree with the parties based upon our independent review that the NMTHA was not a financial institution. See United States v. Duran, 133 F.3d 1324, 1329 (10th Cir. 1998). We therefore remand so the district court may vacate Mr. Durante's sentence and resentence him.

From January to September 2002, Mr. Durante embezzled approximately $218,287.16 from NMTHA while employed as CFO of that organization. NMTHA was an organization created in September 2000 in hopes of becoming a

---

[1] Although U.S.S.G. § 2B1.1(b)(12)(B) (Nov. 2002) provides for a four-level enhancement, if the resulting offense level is less than 24, that offense level is increased to 24. Hence, the effect of applying U.S.S.G. § 2B1.1(b)(12)(B) was a six-level enhancement.

licensed managed care organization which would provide Medicaid reimbursable health care services to Native Americans in New Mexico. The application notes to § 2B1.1 define a "financial institution" quite broadly to include "any health, medical, or hospital insurance association," which would include "associations that undertake to provide . . . other benefits (e.g., medical or hospitalization insurance) to large numbers of persons." U.S.S.G. § 2B1.1, cmt. n.1. However, it is uncontroverted that NMTHA was not to provide medical insurance or similar benefits, but rather only reimbursable health care services. For this reason, § 2B1.1 is inapplicable. The district court's ruling on the applicability of the guideline constituted plain error which affected Mr. Durante's substantial rights. See United States v. Whitney, 229 F.3d 1296, 1308 (10th Cir. 2000). Though the district court's ruling is certainly understandable based upon the parties' concession, the case must be remanded so the district court may vacate the sentence and resentence in accordance with this order and judgment.

REMANDED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge